**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4630-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SOLOMAN D. NEAL, a/k/a
SOLOMON NEAL, and KARIM SMITH,

    Defendant-Appellant.

_____

Submitted May 31, 2018 — Decided July 20, 2018

Before Judges Alvarez and Currier.

On appeal from Superior Court of New Jersey,
Law Division, Essex County, Indictment No. 15-
06-1269.

Joseph E. Krakora, Public Defender, attorney
for appellant (Stephen P. Hunter, Assistant
Deputy Public Defender, of counsel and on the
brief).

Robert D. Laurino, Acting Essex County
Prosecutor, attorney for respondent (Matthew
E. Hanley, Special Deputy Attorney
General/Acting Assistant Prosecutor, of
counsel and on the brief).

PER CURIAM

Defendant Solomon D. Neal entered a guilty plea to an amended charge of third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2), after a Law Division judge denied his motion to suppress an out-of-court identification. In accord with the plea agreement, the judge sentenced defendant to fifteen months of probation in addition to fines and penalties on April 28, 2017. Defendant appeals, alleging that his motion to suppress should have been granted because the out-of-court identification was impermissibly suggestive. We affirm.

We summarize the circumstances as developed during the suppression hearing. At around 2:00 p.m. on December 24, 2014, Ajegbe Oyekunle, an apartment building manager, was making repairs to the front door of the structure. Oyekunle was going back out to his van to retrieve some construction materials when a car abruptly stopped in front of it. The driver——who the victim immediately recognized by name as the son of one of his tenants, whom he had known for seven years——asked him "Why the f--- you messin' with my father?"

Defendant driver and the passenger stepped out of the car; the passenger held a knife. They punched and kicked Oyekunle in the head and face; Oyekunle's cell phone and wallet fell out of his pocket. Defendant picked up the items and threw the cell phone at the victim. As Oyekunle approached defendant to retrieve

his wallet, the passenger wielded the knife and Oyekunle retreated. Defendant took cash from the wallet, and threw the wallet at Oyekunle. Defendant and the passenger then drove away.

Oyekunle called 911 and told the dispatcher that he had just been robbed and assaulted by Solomon Neal, the son of a tenant who had recently been evicted. After police arrived at the scene, Oyekunle was administered medical treatment, however, he did not go to the station to make a statement until approximately 6:00 p.m. because he wanted to complete the work on the building.

During the video recorded interview at the police station, Irvington Police Department Detective Philip Rucker showed the victim two photographs of defendant, including his Division of Motor Vehicle photo. Rucker testified that because the victim knew his assailant, he did not create a photo array or otherwise comply with the Attorney General guidelines found in State v. Henderson, 208 N.J. 208 (2011). See R. 3:11; see also Office of the Attorney Gen., N.J. Dep't of Law & Pub. Safety, Attorney Gen. Guidelines for Preparing and Conducting Photo and Live Line-Up Identification Procedures, 1 (2001). Rucker described the identification procedure as a "show-up," during which he displayed the photographs to the victim and asked if the victim knew the person. He said that Oyekunle had explained defendant's father had been a tenant over the course of years. Once Rucker obtained

defendant's name from Oyekunle, Rucker requested defendant's Division of Motor Vehicles photograph. Although the interview took place several hours after the incident, Oyekunle was still bleeding and wearing a bloody shirt.

The judge found that having observed the officer and the victim during the suppression hearing, he "found their testimony credible in all material respects." The judge concluded that the officer's failure to adhere to the Henderson guidelines was inconsequential. The victim had known defendant by name for many years. Therefore, only showing the victim photographs of defendant was not suggestive. Although he had granted defendant's motion for a Wade hearing, defendant ultimately did not sustain his burden. Accordingly, the judge did not suppress the identification.

On appeal, defendant raises the following point:

> THE MOTION TO SUPPRESS THE IDENTIFICATION SHOULD HAVE BEEN GRANTED BECAUSE UNDER THE TOTALITY OF THE CIRCUMSTANCES, THERE WAS A SUBSTANTIAL LIKELIHOOD OF IRREPARABLE MISIDENTIFICATION. U.S. Const. Amend. V, XIV; N.J. Const. Art. I, ¶¶ 1, 9.

We accord "considerable weight" to a trial judge's findings regarding the impermissible suggestiveness of an identification procedure. State v. Adams, 194 N.J. 186, 203 (2008) (quoting State v. Farrow, 61 N.J. 434, 451 (1972)). A defendant bears the

"initial burden of showing some evidence of suggestiveness that could lead to a mistaken identification." Henderson, 208 N.J. at 288. "The findings of the trial judge as to reliability of the witnesses are [also] entitled to considerable weight." State v. Wilson, 362 N.J. Super. 319, 327 (App. Div. 2003) (citations omitted). The State may proffer an identification as long as "there is sufficient credible evidence in the record to support the findings." Adams, 194 N.J. at 203 (citation omitted).

In this case, defendant was well-known to the victim as he had known him by name for years. During the 911 call, the victim told police defendant was his attacker. Thus, the reliability of Oyekunle's identification was not undermined by the fact he was presented the two photographs of defendant. Having found the victim believable, his familiarity with his attacker was sufficient credible evidence for the court to hold the identification was reliable. Defendant's argument lacks sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4630-16T4